# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-465V

|  |  |
|---|---|
| JOHN GARLAND, SHANNON LAND, and ERIN ALBERT, as Administrators of the Estate of JOHNNY SCOTT GARLAND,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: January 13, 2026 |

*Isaiah Richard Kalinowski, Bosson Legal Group, Fairfax, VA, for Petitioner.*

*Lynn Christina Schlie, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On March 13, 2025, John Garland, Shannon Land, and Erin Albert, as Administrators of the Estate of Johnny Scott Garland ("Petitioners"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners alleged that Johnny Scott Garland suffered Guillain-Barré Syndrome ("GBS"), a defined Table injury, or in the alternative a caused-in-fact injury, after receiving an influenza ("flu") vaccine on October 31, 2023. Petition at 1, ¶¶ 4, 45-46. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On October 23, 2025, a ruling on entitlement was issued, finding Petitioners entitled to compensation. On January 12, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioners should be awarded $250,000.00, which represents compensation for the statutory benefit for a vaccine-related death, and $165,000.00, which represents compensation for past pain and suffering. Proffer at 2. In the Proffer, Respondent represented that Petitioners agree with the proffered award. *Id.* Based on the record as a whole, I find that Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioners a lump sum payment of $415,000.00 (representing $250,000.00 for the statutory benefit for a vaccine-related death, and $165,000.00 for past pain and suffering) to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement to Petitioners.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| JOHN GARLAND, SHANNON LAND, and ERIN ALBERT, as Administrators of the Estate of JOHNNY SCOTT GARLAND, Decedent. )<br><br>Petitioners, )<br><br>v. )<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES, )<br><br>Respondent. ) | No. 25-465V<br>Chief Special Master Corcoran<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On March 13, 2025, John Garland, Shannon Land, and Erin Albert, as administrators of the estate of Johnny Scott Garland ("petitioners"),[1] filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34. Petitioners alleged that decedent, Johnny Scott Garland ("Mr. Garland"), suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to him on October 31, 2023. Petition at 1-2. Petitioners further alleged that Mr. Garland's death was a result of his GBS. *Id.* at 15-16.

On October 23, 2025, respondent filed a Rule 4(c) Report, conceding that petitioners' claim met the Table criteria for a GBS injury, and that Mr. Garland's death was vaccine related.

---

[1] Petitioners filed documentation on December 8, 2025, establishing that on January 10, 2024, John Garland, Shannon Land, and Erin Albert were appointed administrators of the Estate of Johnny Scott Garland under the laws of the Commonwealth of Virginia. *See* Exhibit 24 (Certificate/Letter of Qualification). All references to petitioners herein therefore refer to John Garland, Shannon Land, and Erin Albert, in their representative capacity as administrators of the Estate of Johnny Garland.

ECF No. 17.  On October 23, 2025, the Court issued a Ruling on Entitlement finding petitioners entitled to compensation under the Vaccine Act.  ECF No. 18.

## I.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioners should be awarded the following, and requests that the Chief Special Master's decision and the Court's judgment award:

    a.  a lump sum payment of **$250,000.00**, which represents compensation for the statutory benefit for a vaccine-related death, and

    b.  a lump sum payment of **$165,000.00**, which represents compensation for past pain and suffering.

These amounts represent all elements of compensation to which petitioners would be entitled under 42 U.S.C. § 300aa-15(a)(2) and (a)(4).[2]  Petitioners agree.

## II.    Form of the Award

Petitioners are a competent adults.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioners should be made through a lump sum payment of **$415,000.00**, to be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement to petitioners.  Petitioners agree.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

---

[2]  This Proffer does not include attorneys' fees and costs, which the parties intend to address after a Damages Decision is issued.

2

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

*/s/ Lynn C. Schlie*
LYNN C. SCHLIE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3667
Email: Lynn.Schlie@usdoj.gov

DATED:   January 12, 2026

3