# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-465V**

| | |
|---|---|
| JOHN GARLAND, SHANNON LAND, and ERIN ALBERT, as Administrators of the Estate of JOHNNY SCOTT GARLAND,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: August 20, 2026 |

*Isaiah Richard Kalinowski, Bosson Legal Group, Fairfax, VA, for Petitioner.*

*Lynn Christina Schlie, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On March 13, 2025, John Garland, Shannon Land, and Erin Albert, as Administrators of the Estate of Johnny Scott Garland ("Petitioners"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners alleged that Johnny Scott Garland

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

suffered Guillain-Barré Syndrome ("GBS") following an influenza vaccination he received on October 31, 2023. Petition, ECF No. 1. On October 23, 2025, I issued a ruling on entitlement finding Petitioners entitled to damages. ECF No. 18. On January 13, 2026, I issued a decision awarding damages to Petitioners based on the Respondent's proffer. ECF No. 28.

Petitioners have now filed a motion for attorney's fees and costs, requesting an award of $34,583.79 (representing $33,509.70 in fees plus $1,074.09 in costs). Motion for Payment of Petitioner's Attorneys' Fees and Reimbursement of Case Costs ("Motion") filed March 6, 2026, ECF No. 33. Furthermore, Petitioners filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 33-2.

Respondent reacted to the motion on March 19, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. However, Respondent has stated in a footnote that the work Mr. Hans Liu performed on the case, at a paralegal rate, appears duplicative of Mr. Kalinowski and another paralegal. Respondent's Response to Motion at ECF No. 34. On March 20, 2026, Petitioners filed a reply addressing Respondents comments and requesting that the amount of fees and costs in the Motion be granted. ECF No. 35

I have reviewed the billing records submitted with Petitioner's request. The rates requested for attorney work performed through 2026 are reasonable and consistent with our prior determinations and will therefore be awarded herein. And all time billed to the matter was also reasonably incurred.

Furthermore, Petitioners have provided supporting documentation for all claimed costs. ECF No. 33-1 at 14-25. I find the requested costs to be reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioners are awarded attorney's fees and costs in the total amount of $34,583.79 (representing $33,509.70 in fees plus $1,074.09 in costs), to be paid through an ACH deposit to Petitioner's counsel of record IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see

Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.